**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 89000941DI |
| | ) | |
| DENNIS SANTIAGO, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:   November 2, 2020
Date Decided:     December 28, 2020

**ORDER**

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     On June 1, 1989, Defendant pled guilty to one count of First-Degree Unlawful Sexual Intercourse and two counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF").[2]

2.     On September 8, 1989, Defendant was sentenced as follows:  for First-Degree Unlawful Sexual Intercourse, life imprisonment; for the first count of PDWDCF, 10 years at Level V; and for the second count of PDWDCF, 10 years at

---

[1] D.I. 53.
[2] D.I. 2.

Level V, to be served consecutively with the sentence for the first count of PDWDCF.[3]

3. Defendant has made many attempts to challenge and modify his sentence. To begin, on September 8, 1992, Defendant filed a Motion for Postconviction Relief.[4] On October 26, 1992, the Superior Court denied the motion.[5] On November 25, 1992, Defendant appealed the Superior Court's decision to the Supreme Court of Delaware.[6] On April 21, 1993, the Supreme Court affirmed.[7]

4. On April 7, 1999, Defendant filed a Motion for Modification of Sentence.[8] On April 23, 1999, the Superior Court denied the motion.[9]

5. On March 31, 2000, Defendant filed a Motion for Correction of Illegal Sentence.[10] In that motion, Defendant clarified that he was invoking Superior Court Criminal Rules 35(a) and 61(i)(5).[11] The Superior Court construed the motion as a Motion for Postconviction Relief and denied it on August 3, 2000.[12] On August 16,

---

[3] D.I. 7.
[4] D.I. 13–14.
[5] D.I. 17.
[6] D.I. 19.
[7] *Santiago v. State*, 1993 WL 144870, at *1 (Del. Apr. 21, 1993).
[8] D.I. 27.
[9] D.I. 28.
[10] D.I. 29.
[11] *Id.*
[12] D.I. 34.

2

2000, Defendant appealed the Superior Court's decision to the Supreme Court but then voluntarily dismissed his appeal.[13]

6.      On September 11, 2000, Defendant filed another Motion for Postconviction Relief and a Motion to Withdraw Guilty Plea.[14] On September 19, 2000, the Superior Court denied these motions.[15] On October 4, 2000, Defendant appealed this decision to the Supreme Court,[16] and on March 16, 2001, the Supreme Court affirmed.[17]

7.      Finally, on November 2, 2020, Defendant filed the instant Motion for Modification of Sentence.[18] In his Motion, Defendant asks the Court to "do something to adjust [his] sentence."[19] He explains that he has unsuccessfully sought early parole, commutation of his sentence, and an application for good cause shown from the Department of Correction pursuant to 11 *Del. C.* § 4217.[20] In addition to his Motion, Defendant has provided the Court with a list of programs that he has completed and educational achievements that he has attained.[21]

---

[13] D.I. 35; *Santiago v. State*, 2001 WL 263122, at \*1 (Del. Mar. 16, 2001).
[14] D.I. 41–42.
[15] D.I. 44.
[16] D.I. 45.
[17] *Santiago*, 2001 WL 263122, at \*1.
[18] D.I. 53.
[19] *Id.*
[20] *Id.*
[21] *Id.*

8.     Superior Court Criminal Rule 35(b) governs the modification and reduction of sentences.[22]  Pursuant to Rule 35(b), a motion to modify a sentence of imprisonment must be filed no later than 90 days after the sentence is imposed.[23] Defendant filed the instant Motion more than 90 days after his sentence was imposed; therefore, his Motion is untimely.

9.     The Court may consider an untimely motion (1) if the Department of Correction files an application pursuant to 11 *Del. C.* § 4217 or (2) in "extraordinary circumstances."[24] The Department of Correction has not filed an application pursuant to 11 *Del. C.* § 4217, so this exception does not apply.  Next, "extraordinary circumstances" are circumstances that "specifically justify the delay, are entirely beyond [Defendant's] control, and have prevented [Defendant] from seeking the remedy on a timely basis."[25]  The Supreme Court of Delaware "has held that participation in educational and rehabilitative programs, while commendable, does not, in and of itself, constitute extraordinary circumstances for purposes of Rule 35(b)."[26]     Because the Court does not find any qualifying extraordinary circumstances in Defendant's Motion, the "extraordinary circumstances" exception does not apply, so Defendant's Motion is time barred.

---

[22] Super Ct. Crim. R. 35(b).
[23] *Id.*
[24] *Id.*
[25] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations and citation omitted).
[26] *Id.* at 145–46 (internal quotation marks and citations omitted).

10.    In addition, Defendant's Motion is repetitive, so the Motion is barred on that basis as well.[27]  Defendant filed a Motion for Modification of Sentence on April 7, 1999.  Rule 35(b) specifically forbids the Court from considering repetitive motions.[28]

11.    The Court finds that Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a modification of Defendant's sentence.

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Dennis Santiago (SBI# 00240930)
        A.J. Roop (DAG)

---

[27] Super Ct. Crim. R. 35(b).
[28] *Id.*

5